JS-6

Marc Pilotin
Regional Solicitor
Laura Bremer (Cal. Bar #162900)
Counsel for ERISA
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: 415-625-7757
Bremer.Laura@dol.gov

*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,<br>    Secretary of Labor,<br>      United States Department of Labor,<br><br>                        Plaintiff,<br>    v.<br><br>KG ADMINISTRATIVE SERVICES, INC., an Ohio corporation; KEISER GROUP, LLC, a California limited liability corporation; ROBERT FRAZIER, an individual; and TRACEY KEISER, an individual; and CHIEF EXPRESS & LOGISTICS EMPLOYEE BENEFIT PLAN; FDY, INC. EMPLOYEE BENEFIT PLAN; JACOB TRANSPORTATION SERVICES EMPLOYEE BENEFIT PLAN; JP EXPRESS SERVICES, INC. HEALTHCARE BENEFIT PLAN; MERIDIAN MANAGEMENT SERVICES EMPLOYEE HEALTH PLAN; NELLIS CAB, LLC. OPERATIONS SERIES EMPLOYEE BENEFIT PLAN; NPL DEDICATED, LLC CORPORATION EMPLOYEE BENEFIT PLAN; and SILVER STATE REFRIGERATION, HVAC & PLUMBING EMPLOYEE BENEFIT PLAN.<br>                        Defendants. | Case No. 5:22cv1898CAS(MRWx)<br><br>**CONSENT JUDGMENT** |

/ / /

/ / /

PLAINTIFF MARTIN J. WALSH, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR, (the "Secretary"), pursuant to his authority under §§502 (a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.§§(a)(2) and (5), has filed a Complaint against KG ADMINISTRATIVE SERVICES, INC., an Ohio corporation ("KGA"); The KEISER GROUP, LLC, a California limited liability corporation ("TKG"); ROBERT FRAZIER, an individual ("Frazier"); and TRACEY KEISER, an individual ("Keiser") (collectively, the "Defendants"); and CHIEF EXPRESS & LOGISTICS EMPLOYEE BENEFIT PLAN; FDY, INC. EMPLOYEE BENEFIT PLAN; JACOB TRANSPORTATION SERVICES EMPLOYEE BENEFIT PLAN; JP EXPRESS SERVICES, INC. HEALTHCARE BENEFIT PLAN; MERIDIAN MANAGEMENT SERVICES EMPLOYEE HEALTH PLAN; NELLIS CAB, LLC, OPERATIONS SERIES EMPLOYEE BENEFIT PLAN; NPL DEDICATED LLC EMPLOYEE BENEFIT PLAN; and SILVER STATE REFRIGERATION, HVAC & PLUMBING EMPLOYEE BENEFIT PLAN (the "Health Plans"), employee benefit plans within in the meaning of Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. 1002(3).

A.  The Secretary, KGA, TKG, Frazier, and Keiser (collectively, the "Parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the Central District of California pursuant to ERISA §502(e)(2), 29 U.S.C. § 1132(e)(2).

B.  Defendants waive service of the Summons and Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

C. The Parties agree to the entry of this Consent Judgment. The Parties further agree that this Consent Judgment shall fully settle all claims of the Secretary asserted in the Complaint filed in this matter.

D. Defendants waive filing an Answer and further waive entering any affirmative defense, counterclaim, or third-party complaint, or any other defenses that they may have in this case.

E. The Parties expressly waive Findings of Fact and Conclusions of Law.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. Defendant Frazier is hereby permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

2. Defendant Keiser is hereby permanently enjoined and restrained from future service as a fiduciary to any ERISA-covered employee benefit plan. Defendant Keiser is hereby permanently enjoined and restrained from future service as a service provider to any ERISA-covered employee benefit plan, except as expressly stated in this paragraph. Defendants Keiser and TKG may provide participant enrollment services to NV Taxi Cab Health Plan, a self-funded health plan, and may provide insurance brokerage services for fully-insured employee welfare plans.

3. Defendants agree that any Order of this court approving this Consent Judgment shall be sufficient notice to them of the fiduciary and service provider bars noted above.

4. Defendants must cease all third-party service provider operations of KGA and all appearances of such operations, including the closing of all bank accounts associated with providing services to ERISA-covered employee benefit plans over which Keiser or Frazier have control, and the deactivation of all websites associated with its services to ERISA-covered employee benefit plan operations over which Keiser or Frazier have control.

5. For a period of two years following the entry of this Consent Judgment, should anyone send (or attempt to send) money to Defendants in their role as service providers or former service providers for any ERISA-covered self-funded

health plan, or for the accounts of KGA, TKG,[1] or CRBA, Defendants shall (1) provide notice to the Secretary of the transaction or attempted transaction (including the amount of money, the sender, the recipient, the name of the health plan for which the money was sent, and the contact information of the employee sponsor of the health plan); (2) return the money to the sender, along with a copy of this Consent Judgment; and (3) notify the employee sponsor of the health plan for which the money was sent, of the transaction or attempted transaction (including the amount of money sent, the sender, and the recipient), along with a copy of this Consent Judgment.

6. Defendants agree that, upon request, they shall provide to the Secretary all information he requests to demonstrate compliance with this Consent Judgment, without any subpoena or additional order of this Court. Defendants also agree that they shall provide the Secretary with their contact information, including address and phone number, any time these may change, for a period of two years following the entry of this Consent Judgment.

7. Submissions to the Secretary required by paragraphs 4 and 5 of this Consent Judgment shall be sent to the following address:

> Regional Director Crisanta Johnson (72-037409(48))
>
> Employment Benefits Security Administration
>
> Los Angeles Regional Office
>
> 35 N. Lake Ave., Suite 300
>
> Pasadena, CA 91101

8. Defendants are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§1001-1191c.

---

[1] The only exception to the notice required by paragraph five is for money received by Defendants Keiser and TKG for participant enrollment services provided to NV Taxi Cab Health Plan (as described in paragraph two of this Consent Judgment).

9. Defendants waive any and all claims of any nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

10. The Parties shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

11. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

12. By signing their names to this Consent Judgment, the Parties represent that they are informed and understand the effect and purpose of this Consent Judgment.

13. This Consent Judgment shall be binding on the Parties hereto, as well as their respective successors, assigns, heirs, and representatives. This agreement shall not be binding on any other person or entity, including any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.  With respect to the United States Department of Labor, nothing in this Consent judgement shall preclude the Secretary from: (a) filing any amicus briefs in any case; (b) asserting any claim or filing any documents in any bankruptcy case; (c) seeking immediate or ex parte injunctive relief in connection with the Plan, if deemed necessary by the Secretary, in his sole discretion; or (d) instituting any criminal proceeding.

/ / /

/ / /

/ / /

/ / /

14. This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, but all of which taken together, shall constitute one and the same instrument.

Dated: October 31, 2022

*Christine A. Snyder*
United States District Judge

Entry of this Consent Judgment is hereby consented to:

Dated: 10/31/22

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

LAURA BREMER
Counsel for ERISA


/s/ Laura Bremer
Laura Bremer
Attorneys for the Plaintiff
US Department of Labor

For the Defendants

Dated: _____

KG Administration, Inc.

_____
By: Robert Frazier
Title: Principal

Dated: 9/28/2022

The Keiser Group, LLC

By: Tracey Keiser
Title: Principal

Dated _____

Robert Frazier
Title: An Individual

Dated: 9/28/2022

Tracey Keiser
Title: An Individual

CONSENT JUDGMENT
Case No. 22-01898

Page 7

1  Entry of this Consent Judgment is hereby consented to:

3  Dated: _____

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

LAURA BREMER
Counsel for ERISA

_____
Laura Bremer
Attorneys for the Plaintiff
US Department of Labor

For the Defendants

Dated: 09/21/22

KG Administration, Inc.

*Robert Frazier*
By: Robert Frazier
Title: Principal

Dated: _____

The Keiser Group, LLC

_____
By: Tracy Keiser
Tile: Principal

Dated 09/21/22

*Robert Frazier*
Robert Frazier
Title: An Individual

Dated:_____

_____
Tracey Keiser
Title: An Individual

Type text here